B1 (Official Form 1)(04/13)

# United States Bankruptcy Court
## Eastern District of Virginia

**Voluntary Petition**

| | |
|---|---|
| **Name of Debtor** (if individual, enter Last, First, Middle):<br>The Free Lance-Star Publishing Co. of Fredericksburg, Va. | **Name of Joint Debtor** (Spouse) (Last, First, Middle): |
| **All Other Names used by the Debtor in the last 8 years**<br>(include married, maiden, and trade names):<br>DBA The Free Lance-Star Publishing Co.; DBA The Free Lance-Star; DBA fredericksburg.com; DBA Star Radio Group; DBA Print Innovators; DBA JobFetch | **All Other Names used by the Joint Debtor in the last 8 years**<br>(include married, maiden, and trade names): |
| **Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN**<br>(if more than one, state all)<br>54-0216580 | **Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN**<br>(if more than one, state all) |
| **Street Address of Debtor** (No. and Street, City, and State):<br>616 Amelia Street<br>Fredericksburg, VA<br>ZIP Code: 22401-3887 | **Street Address of Joint Debtor** (No. and Street, City, and State):<br><br>ZIP Code: |
| **County of Residence or of the Principal Place of Business:**<br>Fredericksburg, VA | **County of Residence or of the Principal Place of Business:** |
| **Mailing Address of Debtor** (if different from street address):<br>ZIP Code: | **Mailing Address of Joint Debtor** (if different from street address):<br>ZIP Code: |
| **Location of Principal Assets of Business Debtor**<br>(if different from street address above): | |

### Type of Debtor
(Form of Organization) (Check one box)
- ☐ Individual (includes Joint Debtors) *See Exhibit D on page 2 of this form.*
- ■ Corporation (includes LLC and LLP)
- ☐ Partnership
- ☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.)

### Chapter 15 Debtors
Country of debtor's center of main interests:

Each country in which a foreign proceeding by, regarding, or against debtor is pending:

### Nature of Business
(Check one box)
- ☐ Health Care Business
- ☐ Single Asset Real Estate as defined in 11 U.S.C. § 101 (51B)
- ☐ Railroad
- ☐ Stockbroker
- ☐ Commodity Broker
- ☐ Clearing Bank
- ■ Other

### Tax-Exempt Entity
(Check box, if applicable)
- ☐ Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code).

### Chapter of Bankruptcy Code Under Which the Petition is Filed (Check one box)
- ☐ Chapter 7
- ☐ Chapter 9
- ■ Chapter 11
- ☐ Chapter 12
- ☐ Chapter 13
- ☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding
- ☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

### Nature of Debts
(Check one box)
- ☐ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."
- ■ Debts are primarily business debts.

### Filing Fee (Check one box)
- ■ Full Filing Fee attached
- ☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.
- ☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

### Chapter 11 Debtors
Check one box:
- ☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).
- ■ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).

Check if:
- ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,490,925 (amount subject to adjustment on 4/01/16 and every three years thereafter).

Check all applicable boxes:
- ☐ A plan is being filed with this petition.
- ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

### Statistical/Administrative Information
- ■ Debtor estimates that funds will be available for distribution to unsecured creditors.
- ☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

**Estimated Number of Creditors**

| ☐ 1-49 | ☐ 50-99 | ☐ 100-199 | ■ 200-999 | ☐ 1,000-5,000 | ☐ 5,001-10,000 | ☐ 10,001-25,000 | ☐ 25,001-50,000 | ☐ 50,001-100,000 | ☐ OVER 100,000 |
|---|---|---|---|---|---|---|---|---|---|

**Estimated Assets**

| ☐ $0 to $50,000 | ☐ $50,001 to $100,000 | ☐ $100,001 to $500,000 | ☐ $500,001 to $1 million | ☐ $1,000,001 to $10 million | ☐ $10,000,001 to $50 million | ■ $50,000,001 to $100 million | ☐ $100,000,001 to $500 million | ☐ $500,000,001 to $1 billion | ☐ More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|

**Estimated Liabilities**

| ☐ $0 to $50,000 | ☐ $50,001 to $100,000 | ☐ $100,001 to $500,000 | ☐ $500,001 to $1 million | ☐ $1,000,001 to $10 million | ☐ $10,000,001 to $50 million | ■ $50,000,001 to $100 million | ☐ $100,000,001 to $500 million | ☐ $500,000,001 to $1 billion | ☐ More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|

B1 (Official Form 1)(04/13)                                                                                                              Page 2

| **Voluntary Petition** <br> *(This page must be completed and filed in every case)* | **Name of Debtor(s):** <br> The Free Lance-Star Publishing Co. of Fredericksburg, Va. |
|---|---|

**All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet)

| Location Where Filed: - None - | Case Number: | Date Filed: |
|---|---|---|
| Location Where Filed: | Case Number: | Date Filed: |

**Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet)

| Name of Debtor: <br> William Douglas Properties, LLC | Case Number: | Date Filed: <br> 1/22/14 |
|---|---|---|
| District: <br> Eastern District of Virginia | Relationship: <br> Affiliate | Judge: |

| **Exhibit A** <br><br> (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.) <br><br> ☐ Exhibit A is attached and made a part of this petition. | **Exhibit B** <br> (To be completed if debtor is an individual whose debts are primarily consumer debts.) <br><br> I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I delivered to the debtor the notice required by 11 U.S.C. §342(b). <br><br> X_____ <br> Signature of Attorney for Debtor(s)      (Date) |
|---|---|

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.

■ No.

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☐ Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

☐ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**
(Check any applicable box)

■ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes)

☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

B1 (Official Form 1)(04/13)          Page 3

## Voluntary Petition
*(This page must be completed and filed in every case)*

**Name of Debtor(s):**
The Free Lance-Star Publishing Co. of Fredericksburg, Va.

### Signatures

#### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.
[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. §342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Debtor

X _____
Signature of Joint Debtor

_____
Telephone Number (If not represented by attorney)

_____
Date

#### Signature of Attorney*

X  /s/ Lynn Tavenner
Signature of Attorney for Debtor(s)

**Lynn Tavenner**
Printed Name of Attorney for Debtor(s)

**Tavenner & Beran, PLC**
Firm Name

**20 N. 8th Street**
**Richmond, VA 23219**
Address

**(804) 783-8300**
Telephone Number

**January 22, 2014**
Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

#### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X  /s/ Nicholas J. Cadwallender
Signature of Authorized Individual

**Nicholas J. Cadwallender**
Printed Name of Authorized Individual

**President**
Title of Authorized Individual

**January 22, 2014**
Date

#### Signature of a Foreign Representative

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box.)

☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. §1515 are attached.

☐ Pursuant to 11 U.S.C. §1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X _____
Signature of Foreign Representative

_____
Printed Name of Foreign Representative

_____
Date

#### Signature of Non-Attorney Bankruptcy Petition Preparer

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.)(Required by 11 U.S.C. § 110.)

_____
Address

X _____

_____
Date

Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. §110; 18 U.S.C. §156.*

## The Free Lance-Star Publishing Co. of Fredericksburg, Va.
a Virginia Corporation
(the "Corporation")

### CERTIFICATE OF CORPORATE RESOLUTIONS

The undersigned officer of **The Free Lance-Star Publishing Co. of Fredericksburg, Va.**,(the "Corporation") hereby certifies that the following resolutions were duly adopted by the Corporation on January 20, 2014, and that such resolutions have not been modified or rescinded as of the date hereof.

RESOLVED, that the Corporation shall be, and hereby is, authorized to: (a) file a voluntary petition (the "Petition") for relief under chapters 7 or 11 of the United States Bankruptcy Code, 11 U.S.C. § 101 et seq. (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Eastern District of Virginia or such other court as the appropriate officer or officers of the corporation shall determine to be appropriate (the "Bankruptcy Court"); (b) if, prior to filing the Petition, circumstances arise making it necessary or convenient, consent to the entry of an order for relief and, if appropriate, convert an involuntarily commenced chapter 7 case to a case under chapter 11 of the Bankruptcy Code; and (c) perform any and all such acts as are reasonable, advisable, expedient, convenient, proper or necessary to effect any of the foregoing;

FURTHER RESOLVED, that any president, any vice president, any secretary, or any treasurer of the Corporation (collectively, the "Designated Officers" and each a "Designated Officer") shall be, and each of them, acting alone, hereby is, authorized, directed and empowered on behalf of and in the name of the Corporation to: (a) execute and verify the Petition and all other ancillary documents and cause the Petition to be filed with the Bankruptcy Court and make or cause to be made prior to execution thereof any modifications to the Petition or ancillary documents as any such Designated Officer, in such officer's discretion, deems necessary or desirable to carry out the intent and accomplish the purposes of these resolutions (such approval to be conclusively established by the execution thereof by such Designated Officer); (b) execute (i) a consent to the entry of an order for relief in an involuntarily commenced chapter 7 or 11 case, if any, or (ii) a request for conversion of an involuntarily commenced chapter 7 case, if any, to a case under chapter 11 of the Bankruptcy Code; (c) execute, verify and file or cause to be filed all petitions, schedules, lists, motions, applications and other papers or documents (including debtor in possession loan agreements) necessary or desirable in connection with the foregoing; and (d) execute and verify any and all other documents necessary or appropriate in connection therewith in such form or forms as any such Designated Officer may approve;

FURTHER RESOLVED, that the law firm, Tavenner & Beran, PLC, shall be, and hereby is, authorized, empowered, and directed to represent the Corporation, as debtor and debtor in possession, in connection with any chapter 7 or 11 case and other related matters on any such terms approved by a Designated Officer;

FURTHER RESOLVED, that the law firm, Kaufman & Canoles, P.C., shall be, and hereby is, authorized, empowered, and directed to represent the Corporation, in connection with the Chapter 11 case and any other matters in connection therewith, as special corporate counsel and on such terms as any Designated Officer shall approve;

FURTHER RESOLVED, that the firm of Protiviti, Inc., shall be and hereby is authorized, empowered, and directed to represent the Corporation, as financial advisor to provide financial advisory services for the Company in connection with the Chapter 11 case and any other related matters in connection therewith on any such terms approved by a Designated Officer;

FURTHER RESOLVED, that the Corporation, as debtor and debtor in possession under chapter 11 of the Bankruptcy Code, shall be, and hereby is, authorized to borrow funds and undertake related financing transactions (collectively, the "Financing Transactions") from such lenders and on such terms as may be approved by any one or more of the Designated Officers of the Corporation, as reasonably necessary for the continuing conduct of the affairs of the Corporation, and grant security interests in and liens upon all or substantially all of the Corporation's assets as may be deemed necessary by any one or more of the Designated Officers of the Corporation in connection with such borrowings;

FURTHER RESOLVED, (a) that the Designated Officers of the Corporation shall be, and each of them, acting alone, hereby is, authorized, directed and empowered in the name of and on behalf of the Corporation, as debtor and debtor in possession, to take such actions and execute and deliver such agreements, certificates, instruments, guaranties, notices and any and all other documents as the Designated Officers may deem necessary or appropriate to facilitate the Financing Transactions (collectively, "Financing Documents"); (b) that Financing Documents containing such provisions, terms, conditions, covenants, warranties and representations as may be deemed necessary or appropriate by the Designated Officers are approved; and (c) that the actions of the Designated Officers taken pursuant to this resolution, including the execution and delivery of all agreements, certificates, instruments, guaranties, notices and other documents, shall be conclusive evidence of the approval thereof by such Designated Officers and by the Corporation;

FURTHER RESOLVED, that, in addition to the specific authorizations heretofore conferred upon the Designated Officers of the Corporation, each of the officers of the Corporation or their designees shall be, and each of them, acting alone, hereby is, authorized, directed and empowered, in the name of and on behalf of the Corporation, to take or cause to be taken any and all such further actions, to execute and deliver any and all such agreements, certificates, instruments and other documents and to pay all expenses, including filing fees, in each case as in such officer's or officers' judgment shall be necessary or desirable in order fully to carry out the intent and accomplish the purposes of the resolutions adopted herein; and

FURTHER RESOLVED, that all acts lawfully done or actions lawfully taken or to be taken by any officer or officers of the Corporation in connection with the implementation of these resolutions are hereby in all respects ratified, confirmed and approved.

Effective Date: January 20, 2014

**THE FREE LANCE-STAR PUBLISHING CO. OF FREDERICKSBURG, VA.**
a Virginia corporation

By: *Sallie A. Roberts*

*Secretary*
Title

3

# United States Bankruptcy Court
### Eastern District of Virginia

In re **The Free Lance-Star Publishing Co. of Fredericksburg, Va.**                     Case No.
                                                    Debtor(s)                              Chapter **11**

## CORPORATE OWNERSHIP STATEMENT (RULE 7007.1)

Pursuant to Federal Rule of Bankruptcy Procedure 7007.1 and to enable the Judges to evaluate possible disqualification or recusal, the undersigned counsel for **The Free Lance-Star Publishing Co. of Fredericksburg, Va.** in the above captioned action, certifies that the following is a (are) corporation(s), other than the debtor or a governmental unit, that directly or indirectly own(s) 10% or more of any class of the corporation's(s') equity interests, or states that there are no entities to report under FRBP 7007.1:

☒ None [*Check if applicable*]


**January 22, 2014**                                /s/ Lynn Tavenner
Date                                                **Lynn Tavenner**
                                                    Signature of Attorney or Litigant
                                                    Counsel for  **The Free Lance-Star Publishing Co. of Fredericksburg, Va.**

B4 (Official Form) (12/07)

# UNITED STATES BANKRUPTCY COURT

In re   The Free Lance Star-Publishing Co. of Fredericksburg, Va.  
       Debtor

Case No. _____  
Chapter ____11____

## LIST OF CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS

    Following is the list of the debtor's creditors holding the 20 largest unsecured claims. The list is prepared in accordance with Fed. R. Bankr. P. 1007(d) for filing in this chapter 11 [*or* chapter 9] case. The list does not include (1) persons who come within the definition of "insider" set forth in 11 U.S.C. §101, or (2) secured creditors unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the 20 largest unsecured claims. If a minor child is one of the creditors holding the 20 largest unsecured claims, state the child's intitials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| # | (1) Name of creditor and complete mailing address, including zip code | (2) Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted | (3) Nature of claim (trade debt, bank loan, government contract, etc.) | (4) Indicate if claim is contingent, unliquidated, disputed or subject to setoff | (5) Amount of claim (if secured also state value of security) |
|---|---|---|---|---|---|
| 1. | PENSION BENEFIT GUARANTY CORPORATION | 1200 K STREET, N.W. SUITE 270 WASHINGTON, DC 20005-4026 T: 202-326-4242 DISTRESS@PBGC.GOV | UNDERFUNDED PENSION OBLIGATION | UNLIQUIDATED | $5,280,844.00 |
| 2. | CITY OF FREDERICKSBURG | G.M. (JIM) HANEY, TREASURER BOX 644 FREDERICKSBURG, VA 22404-0267 T: 540-372-1001 GMHANEY@FREDERICKSBURGVA.GOV | PROPERTY TAXES AND TRADE DEBT | UNLIQUIDATED | $202,183.27 |
| 3. | INTERNATIONAL FOREST PRODUCTS LLC | DELORES O'KANE PO BOX 711930 CINCINNATI, OH 45271-1930 T: 508-698-4600 T: 207-723-2278 DOKANE@GNPAPERCOMPANY.COM | TRADE DEBT | | $77,000.84 |
| 4. | DOMINION VA POWER | PO BOX 26666 RICHMOND, VA 23261 T: 888-667-3000 ACCT #s: 0505605006, 8382257502 1532470695, 6762460001 7262312502, 0936335009 0362482507, 9102365005 | TRADE DEBT | UNLIQUIDATED | $72,297.00 |

| # | (1) Name of creditor and complete mailing address, including zip code | (2) Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted | (3) Nature of claim (trade debt, bank loan, government contract, etc.) | (4) Indicate if claim is contingent, unliquidated, disputed or subject to setoff | (5) Amount of claim (if secured also state value of security) |
|---|---|---|---|---|---|
| 5. | WHITE BIRCH PAPER COMPANY | JILL MOREA<br>BOX 513056<br>PHILADELPHIA, PA 19175-3056<br>T: 203-863-1215<br>JILLMOREA@WHITEBIRCHPAPER.COM | TRADE DEBT | | $61,759.58 |
| 6. | EASTMAN KODAK | LAURA HEINZINGER<br>343 STATE STREET<br>ROCHESTER, NY 14650<br>T: 800-356-3259 | TRADE DEBT | | $36,393.66 |
| 7. | FLINT GROUP NORTH AMERICA CORP | LAURA MCCRAY<br>1455 PAYSPHERE CIRCLE<br>CHICAGO, IL 60674<br>T: 270-706-6057<br>LAURA.MCCRAY@FLINTGRP.COM | TRADE DEBT | | $23,724.54 |
| 8. | MIDLAND PAPER COMPANY | TONYA LYNN<br>101 E. PALATINE ROAD<br>WHEELING, IL 60090<br>T: 847-777-2856<br>TONYA.LYNN@MIDLANDPAPER.COM | TRADE DEBT | | $18,670.85 |
| 9. | PROFESSIONAL BUILDING MAINTENANCE, INC. | JUSTIN THACKER<br>11 RIDGEMORE CIRCLE<br>FREDERICKSBURG, VA 22405<br>T: 540-371-1921 | TRADE DEBT | CONTINGENT | $18,185.14 |
| 10. | ARROW MARKETING GROUP INC. | JOHN VEFALCO, DISTRICT MANAGER<br>202 NEW EDITION COURT<br>CARY, NC 27511<br>T: 919-319-0044<br>T: 617-651-0221<br>ACCOUNTING@AMGINCUSA.COM | TRADE DEBT | | $17,753.60 |
| 11. | COLUMBIA GAS | BOX 742529<br>CINCINNATI, OH 45274-2529<br>T: 800-543-8911<br>ACCT #s: 127741600050007<br>127741600020000<br>127741600030009<br>127741600040008 | TRADE DEBT | UNLIQUIDATED | $17,622.00 |

| # | (1) Name of creditor and complete mailing address, including zip code | (2) Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted | (3) Nature of claim (trade debt, bank loan, government contract, etc.) | (4) Indicate if claim is contingent, unliquidated, disputed or subject to setoff | (5) Amount of claim (if secured also state value of security) |
|---|---|---|---|---|---|
| 12. | ARBITRON COMPANY | ELLEN PROMISLOFF<br>9705 PATUXENT WOODS DRIVE<br>COLUMBIA, MD 21046-1572<br>T: 410-794-2689<br>ELLEN.PROMISLOFF@NIELSON.COM | TRADE DEBT | | $17,422.01 |
| 13. | RESOLUTE FP US INC. | DAVID J. PATTERSON, PRESIDENT<br>5300 CURETON FERRY ROAD<br>CATAWBA, SC 29704<br>T: 803-981-8000<br>INQUIRIES@RESOLUTEFP.COM | TRADE DEBT | | $17,038.41 |
| 14. | WASHINGTON POST | BRYANT DESPEAUX<br>THE WASHINGTON POST<br>1150 15TH ST NW<br>WASHINGTON DC 20071<br>T: 202-334-8365<br>DESPEAUXVK@WASHPOST.COM | TRADE DEBT | | $14,591.50 |
| 15. | SUNTRUST | PO BOX 85024<br>RICHMOND, VA 23285<br><br>IN CARE OF: DIANA SHABAN<br>T: 804-521-7570<br>DIANAS@VPA.NET | CUSTOMER CREDIT | CONTINGENT | $7,935.00 |
| 16. | RAPPAPORT COMPANIES | MEGAN MURPHY<br>8405 GREENSBORO DR.<br>EIGHTH FLOOR<br>MCLEAN, VA 22102<br>T: 571-382-1280<br>MM@RAPPAPORTCO.COM | CUSTOMER CREDIT | CONTINGENT | $6,807.00 |
| 17. | UTILITY MANAGEMENT SERVICES | LINDSAY BRENT<br>PO BOX 890134<br>CHARLOTTE, NC 28289<br>T: 888-867-3230 x 115<br>LBRENT@UTILMANAGEMENT.COM | TRADE DEBT | | $5,156.63 |
| 18. | RICHMOND WINDOW CORP | LYNN BURNETTE<br>2810 W. CARY ST.<br>RICHMOND, VA 23226<br>T: 804-353-6621<br>LBURNETTE@RICHMONDWINDOW.COM | CUSTOMER CREDIT | CONTINGENT | $5,000.00 |

| # | (1)<br>Name of creditor and complete mailing address, including zip code | (2)<br>Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted | (3)<br>Nature of claim (trade debt, bank loan, government contract, etc.) | (4)<br>Indicate if claim is contingent, unliquidated, disputed or subject to setoff | (5)<br>Amount of claim (if secured also state value of security) |
|---|---|---|---|---|---|
| 19. | SPOTSYLVANIA HISTORICAL | TERRY DOUGHERTY<br>9019 OLD BATTLEFIELD BLVD.<br>SPOTSYLVANIA, VA 22553<br>T: 540-846-0615<br>TDOUGHERTY@SPOTSYLVANIA.VA.US | CUSTOMER CREDIT | CONTINGENT | $5,000.00 |
| 20. | JOBFETCH.COM | 3RD FLOOR<br>OAK PARK, IL 60304<br>IN CARE OF: CATHY CLOUD<br>T: 708-358-0444<br>CATHY.CLOUD@SHAKER.COM | JOINT VENTURE | | $4,852.50 |

## DECLARATION UNDER PENALTY OF PERJURY
## ON BEHALF OF A CORPORATION OF PARTNERSHIP

I, the President of the corporation named as the debtor in this case, declare under penalty of perjury that I have read the foregoing list and that it is true and correct to the best of my information and belief.

Date:  **January 22, 2014**                                   Signature _____
Nicholas J. Cadwallender
President

*Penalty for making a false statement or concealing property:* Fine up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§ 152 and 3571

# United States Bankruptcy Court
### Eastern District of Virginia

In re: __The Free Lance-Star Publishing Co. of Fredericksburg, Va.__
Debtor(s)

Case No. _____
Chapter __11__

## VERIFICATION OF CREDITOR MATRIX

I, the President of the corporation named as the debtor in this case, hereby verify that the attached list of creditors is true and correct to the best of my knowledge.

Date: __January 22, 2014__

_/s/ Nicholas J. Cadwallender_
Nicholas J. Cadwallender/President
President