UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| THE FREE LANCE-STAR PUBLISHING CO. | ) | |
| OF FREDERICKSBURG, VA[1] | ) | Case No. 14-30315-KRH |
| | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| WILLIAM DOUGLAS PROPERTIES, LLC[2] | ) | |
| | ) | |
| Debtor. | ) | Case No.  14-30316-KRH |
| | ) | |

## DEBTORS' MOTION TO (A) EXTEND TIME FOR FILING SCHEDULES AND STATEMENTS AND (B) GRANT CERTAIN RELATED RELIEF AND MEMORANDUM IN SUPPORT THEREOF AND NOTICE THEREOF

The above-captioned debtors and debtors-in-possession (collectively, the "Debtors" and

each a "Debtor"), by counsel, hereby move the Court for the entry of an order (i) extending the

time within which the Debtors must file Schedules and Statements (as such term is defined

herein), pursuant to Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

Rules") and Local Rule 1007 of this Court and (ii) granting certain related relief, and in support

hereof, respectfully represent as follows:

---

[1] Debtor FLS' address and TIN are as follows: 616 Amelia Street, Fredericksburg, VA 22401; 54-0216580.
[2] Debtor William Douglas' address and TIN are as follows: 801 Hanover Street, Fredericksburg, VA 22401; 20-4012609.

---

Lynn Lewis Tavenner, Esquire (Va. Bar No. 30083)
Paula S. Beran, Esquire (Va. Bar No. 34679)
Tavenner & Beran, PLC
20 North Eighth Street, Second Floor
Richmond, Virginia  23219
Telephone:  (804) 783-8300
Telecopy: (804) 783-0178

Proposed Counsel for the Debtors

**Background**

1.      On or about January 23, 2014 (the "Petition Date"), the Debtors commenced

reorganization cases by filing a voluntary petition for relief under chapter 11 of the Bankruptcy

Code.

2.      The Debtors are continuing in possession of their properties and is operating and

managing their business, as a Debtors-in-Possession, pursuant to §§ 1107 and 1108 of the

Bankruptcy Code.

3.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and

1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

**The Debtors' Business and Background**

4.      The Free Lance-Star Publishing Co. of Fredericksburg, Va. ("FLS" or "the

Company") is a family-owned publishing, newspaper, radio and communications company

located primarily in Fredericksburg, Virginia.  William Douglas Properties, L.L.C. ("William

Douglas") is a related entity that owns a portion of the land pursuant to which FLS operates

certain aspects of its business.

5.      For nearly 130 years, FLS has developed a reputation for integrity, credibility and

innovation in the Fredericksburg region and the media industry.  The Free Lance was first

published in 1885 when a group of local Fredericksburg merchants and businessmen created the

paper to serve the news and advertising needs of the community. In 1900, the company merged

with The Daily Star and published two papers independently until 1926 when, under the

leadership of Josiah P. Rowe Jr., they were combined into a single, six day a week newspaper:

The Free Lance-Star. Rowe eventually became the owner and publisher of the newspaper.

6.      The sons of Josiah P. Rowe, Jr., Charles S. Rowe and Josiah P. Rowe III, assumed

the duties of co-publishers after their father's death in 1949. In 1997, upon Charles' retirement,

the family of Josiah P. Rowe III purchased total ownership of the business. Florence C. Barnick and Nicholas J. Cadwallender, Associate Publishers (and Rowe family members), served as the Company's leadership with Josiah P. Rowe III as President and Publisher.  In 1998, The Free Lance-Star responded to changing lifestyles and regional growth by adding a Sunday edition and moving from afternoon to morning publication.

7.      The Company diversified by expanding into radio broadcasting.  WFLS-AM, the Company's first radio station, began on-air operation in 1960, WFLS-FM in 1961, and today WFLS-FM's country format is the region's radio powerhouse. The AM signal now broadcasts WNTX News, Talk, Sports. In 1994, WYSK (now WVBX) became the Company's second FM station. Situated in Spotsylvania County, its contemporary hits format is popular among younger listeners. To round out radio offerings, the Company purchased WWUZ Classic Rock, licensed to Bowling Green, in 2001.  All four stations continue on the air today.

8.      As the Company has grown to meet business and audience demand, its mission remained: to improve and connect the lives of the people in the communities it serves.   Indeed, as the internet emerged in the mid-1990's, the Company developed a web presence under the name *FLStarWeb.com*. In 1999, the web address was changed to www.fredericksburg.com, and it has become the premier news, advertising and community portal for the region.

9.      In 2006, the Company developed plans to diversify the portfolio of offered services by significant expansion of the commercial printing business.  Branch Banking and Trust ("BB&T") pursued the Company to be chosen as the lender and, in 2007, the Company borrowed $50.8 million from BB&T.  The Company designed and built a state-of-the-art printing facility that began operation in 2009. The building of the plant coincided with the worst recession since the Great Depression.  Newspaper and radio advertising declined precipitously as businesses reduced their marketing budgets. Additionally, newspaper circulation revenue

declined as many readers migrated to the internet for their news.

10.     As early as 2009, with Print Innovators still under construction, it became apparent the Company would not be in compliance with certain covenants of its loan agreement with BB&T and gave notice to BB&T of that fact.  In December of 2011, the Company signed a forbearance agreement with BB&T.  In 2011 Josiah P. Rowe III retired after 60 years as publisher, and Nicholas J. Cadwallender became President and Publisher, with Florence C. Barnick serving as Associate Publisher. The Company continued to make timely payments to BB&T even though revenue continued to decline.  Efforts to restructure the business to become compliant with the loan covenants could not fully offset the continued revenue losses. These efforts included reducing employee head count by one third from 454 full and part-time employees in 2007 to 303 full and part-time employees at the end of 2013.

11.     At BB&T's request, the Company, with the assistance of professional advisors, attempted to refinance the BB&T obligations.  When this was not successful, the Company, also with the assistance of professional advisors, pursued a sale as a going concern.  However, the Company and its advisors were not able to find a buyer at a price acceptable to BB&T.  In late June of 2013 BB&T, with permission of the Company, sold its loan to DSP Acquisitions, LLC, a company operated by Sandton Capital Partners (collectively, "Sandton").

12.     Sandton  informed the Company that it wanted the Company to file a Chapter 11 bankruptcy case and sell substantially all of its assets pursuant to 11 U.S.C. § 363.  Sandton also indicated that it desired to be the entity that obtained the Company's assets and, if it did obtain possession of the Company's assets, it would continue the Company's businesses.

13.     With no better option available, the Company agreed to work with Sandton in connection with a Chapter 11 filing in an effort to maximize the value of its assets and in the hopes of providing a mechanism for the continuation of the Company's businesses and mission,

which have developed over the past 129 years.

14.     Unfortunately, there remain material disagreements on the implication of certain facts.  Consequently, the parties have been unable to agree on (i) Sandton's adequate protection and (ii) the appropriate impact of those facts in relation to a sale transaction.

<u>**Request for Extension of Time to File Schedules and Statements**</u>

15.     Pursuant to Bankruptcy Rule 1007(a)(1), unless the Court orders otherwise, a Chapter 11 debtor must file with its voluntary petition a list setting forth the names and addresses of each creditor (the "Creditor List"), unless the petition is accompanied by a schedule of liabilities.  The Debtors uploaded a Creditor List with their petitions.

16.     Pursuant to Bankruptcy Rule 1007(a)(3), unless the Court orders otherwise, within fourteen (14) days after the entry of the order for relief, a Chapter 11 debtor must file a list setting forth the names and addresses of its equity security holders, as well as the class, number and kind of interests registered in the name of each such holder (the "Equity List").

17.     Pursuant to Bankruptcy Rules 1007(b) and (c), a Chapter 11 debtor must file with its voluntary petition, or if the petition is accompanied by a Creditor List, within fourteen (14) days thereafter, schedules of assets and liabilities, a schedule of current income and expenditures, a schedule of executory contracts and unexpired leases and a statement of financial affairs (collectively with the Equity List, the "Schedules and Statements").  Because the Debtors filed the Creditor List on the Petition Date, Bankruptcy Rule 1007(c) would require the Debtors to file their Schedules and Statements within fourteen (14) days after the Petition Date, or by February 6, 2014.

18.    Given the size and nature of the Debtors' estates, the Debtors move for this

extension on the grounds that the Debtors require additional time to compile and review

information to ensure proper completion and accuracy of their Schedules and Statements.

19.    Accordingly, the Debtors respectfully request that the Court extend by an

additional fifteen (15) days, the date by which the Schedules and Statements must be filed

pursuant to Bankruptcy Rule 1007 through and including February 21, 2014 (the "Requested

Extension Date").

## **Legal Authority**

20.    Bankruptcy Rule 1007(c) authorizes the Court to grant such an extension "on

motion for cause shown."  The size, scope and nature of this case provide ample "cause"

justifying, if not compelling, the requested extension.

21.    Furthermore, pursuant to Local Rule 1007 of the Rules of this Court:

> (B)   Motion to Extend Time: Such motion to extend time for filing
> shall be accompanied by a proof of service evidencing notice to the
> United States trustee, any appointed trustee, any official committee
> appointed in the case and all creditors. If there are more than 30
> creditors in the case, the debtor need only provide notice of the
> motion to extend time to the 10 largest secured
> creditors, the 20 largest unsecured creditors and any official
> committee appointed in the case. The motion to extend time shall
> give notice that parties objecting to the extension of time shall file
> written objections with the Court within 7 days after service of the
> motion by the debtor.

> (C)   Order Extending Time: If no objection to the motion to
> extend the time for filing is timely filed with the Court, the Clerk
> shall enter an order extending time for filing to not later than the
> seventh day prior to the scheduled meeting of creditors.

22.    The scheduled meeting of creditors has not yet been scheduled.   The extension

requested for the time within which the Debtors must file the Schedules and Statements is

through and including February 21, 2014.   Thus, the extension requested herein likely is to a

date that is not later than the seventh day prior to the scheduled meeting of creditors.

## Notice

23.     No trustee or examiner has been appointed in these Chapter 11 cases.

24.     Notice of this Motion has been given to:  (a) the Office of the United States

Trustee; (b) the Debtors' twenty largest unsecured creditors as identified in their Chapter 11

petitions, (c) the Debtors' known secured creditors, and (d) any known legal counsel for the

Debtors' secured creditors and on (e) all of the Debtors' creditors as listed in their Chapter 11

petitions.  In light of the nature of the relief requested herein, the Debtor submits that no other or

further notice is required.

**Any party desiring to object to the extension requested herein shall file a written**

**objection with the Court within seven (7) days of the date of service of this Motion.**

**Your rights may be affected. You should read these papers carefully and discuss**

**them with your attorney, if you have one in these cases. (If you do not have an**

**attorney, you may wish to consult one.)**

If you do not wish the Court to grant the relief sought in this motion, or if you want the

Court to consider your views on the motion, then within seven days after service of the motion,

you must file a written response explaining your position with the Court at the following address:

Clerk of Court, United States Bankruptcy Court, 701 East Broad Street, Suite 4000, Richmond,

VA 23219-3515 and serve a copy on the Debtors' attorney at the address listed below.

Unless a written response is filed and served within this seven days period, the Court may deem opposition waived, treat the motion as conceded, and issue an order granting the requested relief.  If you mail your response to the Court for filing, you must mail it early enough so that the Court will receive it on or before the expiration of the seven-day period.

 If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the motion, and may enter an order granting that relief.

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto as Exhibit A:  (i) extending the time within which the Debtors must file the Schedules and Statements through and including February 21, 2014; and (ii) granting such other and further relief as the Court may deem proper.

THE FREE LANCE-STAR PUBLISHING CO.
OF FREDERICKSBURG, VA and
WILLIAM DOUGLAS PROPERTIES, L.L.C.


By:___*/s/ Paula S. Beran*_____
            Proposed Counsel

Lynn L. Tavenner (Va. Bar No. 30083)
Paula S. Beran (Va. Bar No. 34679)
Tavenner & Beran, PLC
20 North Eighth Street, Second Floor
Richmond, Virginia  23219
Telephone:  (804) 783-8300
Telecopy:  (804) 783-0178

*Proposed Counsel for the Debtors*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 23rd day of January, 2014, a true and correct copy of the foregoing was served via electronic delivery and/or first-class mail to the Office of the United States Trustee, the Debtors' 20 largest unsecured creditors as identified in their Chapter 11 petitions, the Debtors' known secured creditors, and all parties requesting service of pleadings in these cases (all as listed on Schedule A attached hereto).

<u>*/s/ Paula S. Beran*</u>
Lynn L. Tavenner (Va. Bar No. 30083)
Tavenner & Beran, PLC
20 North Eighth Street, Second Floor
Richmond, Virginia  23219
Telephone:  (804) 783-8300
Telecopy:  (804) 783-0178

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| THE FREE LANCE-STAR PUBLISHING CO. | ) | |
| OF FREDERICKSBURG, VA[1] | ) | Case No. 14-30315-KRH |
| | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| WILLIAM DOUGLAS PROPERTIES, LLC[2] | ) | |
| | ) | |
| Debtor. | ) | Case No.  14-30316-KRH |
| | ) | |

**ORDER (A) GRANTING EXTENSION OF TIME
FOR FILING SCHEDULES AND STATEMENTS
AND (B) GRANTING CERTAIN RELATED RELIEF**

This matter came before the Court upon the Debtors' Motion To (A) Extend Time For

Filing Schedules And Statements; (B) Grant Certain Related Relief And Memorandum In Support

Thereof (the "Motion").  The Court having reviewed the Motion and finding that (a) the Court has

jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding

pursuant to 28 U.S.C. § 157(b)(2) and (c) notice of the Motion was sufficient under the

circumstances; and the Court being fully advised in the premises and having determined that the

---

[1] Debtor FLS' address and TIN are as follows: 616 Amelia Street, Fredericksburg, VA 22401; 54-0216580.
[2] Debtor William Douglas' address and TIN are as follows: 801 Hanover Street, Fredericksburg, VA 22401;
20-4012609.

Lynn Lewis Tavenner, Esquire (Va. Bar No. 30083)
Paula S. Beran, Esquire (Va. Bar No. 34679)
Tavenner & Beran, PLC
20 North Eighth Street, Second Floor
Richmond, Virginia  23219
Telephone:  (804) 783-8300
Telecopy:  (804) 783-0178

*Proposed Counsel for the Debtors*

legal and factual bases set forth in the Motion establish just cause for the relief granted herein; it is

hereby

ORDERED as follows:

1.      The Motion is hereby GRANTED.

2.      Capitalized terms not otherwise defined herein have the meanings given to them

in the Motion

3.      The time within which the Debtors must file the Schedules and Statements under

Bankruptcy Rule 1007 is extended through and including February 21, 2014.

4.      The Clerk is directed to send a copy of this Order upon entry to Counsel for the

Debtors through the Court's ECF system.

Enter:                                          _____

                                                UNITED STATES BANKRUPTCY JUDGE

I ask for this:

_____
Lynn L. Tavenner, Esquire (Va. Bar No. 30083)
Paula S. Beran, Esquire (Va. Bar No. 34679)
Tavenner & Beran, PLC
20 North Eighth Street, Second Floor
Richmond, Virginia 23219
Telephone:  (804) 783-8300
Telecopy:  (804) 783-0178

*Proposed Counsel for the Debtors*

## <u>CERTIFICATION</u>

I hereby certify that, pursuant to Local Rule 9022-1, the foregoing proposed Order (A) Granting Extension Of Time For Filing Schedules And Statements And (B) Granting Certain Related Relief has either been served upon and/or endorsed by all necessary parties.

_____
Proposed Counsel

Lynn L. Tavenner, Esq
Tavenner & Beran, PLC
20 N. 8th Street, Second Floor
Richmond, VA  23219

Robert A. Canfield, Esquire
Canfield, Baer, & Heller, LLP
2201 Libbie Ave., Suite 200
Richmond, VA 23230

S. Jason Teele, Esq
Lowenstein Sandler LLP
65 Livingston Avenue
Roseland, New Jersey 07068

William A. Gray, Esquire
Sands Anderson PC
1111 East Main Street Suite 2400
Richmond,  Virginia 23218-1998

International Forest Products LLC
Attn: Delores O'Kane
PO Box 711930
Cincinnati, OH 45271-1930

Pension Benefit Guaranty Corporation
1200 K Street, N.W.
Suite 270
Washington, DC 20005-4026

City of Fredericksburg
Attn: G.M. Jim Haney, Treasurer
Box 644
Fredericksburg, VA 2204-0267

Dominion VA Power
PO Box 26666
Richmond, VA 23216

White Birch Paper Company
Attn: Jill Morea
Box 513056
Philadelphia, PA 19175-3056

Eastman Kodak
Laura Heinzinger
343 State Street
Rochester, NY 14650

Flint Group North America Corp.
Attn: Laura McCray
1455 Paysphere Circle
Chicago, IL 60674

Midland Paper Company
Attn: Tonya Lynn
101 E. Palatine Road
Wheeling, IL 60090

Professional Building Maintenance, INC.
Attn: Justin Thacker
11 Ridgemore Circle
Fredericksburg, VA 22405

Arrow Marketing Group INC.
Attn: John Vefalco, District Manager
202 New Edition Court
Cary, NC 27511

Columbia Gas
Box 742529
Cincinnati, OH 45274-2529

Arbitron Company
Attn: Ellen Promisloff
9705 Patuxent Woods Drive
Columbia, MD 21046-1572

Resolute FP US INC.
Attn: David J. Patterson, President
5300 Cureton Ferry Road
Catawba, SC 29704

Washington Post
Attn: Bryant Desqeaux
1150 15th St. SW
Washington DC. 20071

SunTrust
PO Box 85024
Richmond, VA 23285

Rappaport Companies
Attn: Megan Murphy
8405 Greensboro Dr.
Eighth Floor
McLean, VA 22102

Utility Management Services
Attn: Lindsay Brent
PO Box 890134
Charlotte, NC 28289

Richmond Window Corp.
Attn: Lynn Burnette
2810 W. Cary St.
Richmond, VA 23226

Spotsylvania Historical
Attn: Terry Dougherty
9019 Old Battlefield Blvd.
Spotsylvania, VA 22553

Jobfetch.com
3rd Floor
Oak Park, IL 60304
In Care Of: Cathy Cloud

Robert B. Van Arsdale, Esquire
Office of the United States Trustee
701 East Broad Street, Suite 4304
Richmond, Virginia 23219

Robert Orr
Sandton Capital
1340 Environ Way
Chapel Hill, NC 27517