**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 14-30315-KRH |
| | ) | |
| THE FREE LANCE-STAR PUBLISHING CO. OF FREDERICKSBURG, VA., *et al.*, | ) | Chapter 11 |
| | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | |

**MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS FOR AN ORDER CLARIFYING REQUIREMENT
TO PROVIDE ACCESS TO CONFIDENTIAL OR PRIVILEGED INFORMATION**

The Official Committee of Unsecured Creditors of The Free Lance-Star Publishing Co. of Fredericksburg, Va., *et al.* (the "Committee") hereby moves this Court (the "Motion") for entry of an order pursuant to sections 105(a), 107(b), and 1102(b)(3)(A) of title 11 of the United States Code (as amended, the "Bankruptcy Code") and Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), clarifying the requirement of the Committee to provide access to confidential or privileged information to creditors.  In support of the Motion, the Committee respectfully states as follows:

**Jurisdiction**

1.     This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. §157(b)(2).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

Tyler P. Brown, Esq. (VSB No. 28072)
Jason W. Harbour, Esq. (VSB No. 68220)
Justin F. Paget, Esq. (VSB No. 77949)
Shannon E. Daily, Esq. (VSB No. 79334)
Hunton & Williams LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219
Tel:  (804) 788-8674
Fax: (804) 788-8218

*Proposed Counsel for the Official Committee of
Unsecured Creditors of The Free Lance-Star
Publishing Co. of Fredericksburg, Va., et al.*

2.      The statutory predicates for the relief requested herein are sections 105(a), 107(b) and 1102 of the Bankruptcy Code.

**Background**

3.      On January 23, 2014 (the "Petition Date"), the above captioned debtors-in-possession (the "Debtors") each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.   On January 30, 2014, the Bankruptcy Court entered an order directing joint administration of the Debtors' bankruptcy cases under Case No. 14-30315-KRH (the "Bankruptcy Case").   Pursuant to sections 1107 and 1108 of the Bankruptcy Code, the Debtors are continuing to operate their businesses and manage their properties as debtors in possession.

4.      No trustee or examiner has been appointed in the Debtors' Bankruptcy Case.

5.      On February 14, 2014, the Office of the United States Trustee for the Eastern District of Virginia, Richmond Division (the "U.S. Trustee") appointed the Committee to represent all unsecured creditors of the Debtors pursuant to section 1102 of the Bankruptcy Code.

6.      The Committee anticipates entering into a Confidentiality Agreement with the Debtors, substantially in the form attached hereto as Exhibit 1 (the "Confidentiality Agreement"), to enable the Committee and its professionals to receive certain non-public information concerning the Debtors and their business operations and to facilitate the Committee's discharge of its duties under the Bankruptcy Code.

7.      The Committee's proposed bylaws also contain, among other things, a confidentiality provision that generally prohibits members of the Committee from disclosing any confidential or proprietary information concerning the Debtors and the Bankruptcy Case to any person who is not a member of the Committee.

**Relief Requested**

8.     By this Motion, the Committee seeks entry of an order clarifying the requirement of the Committee to provide any creditor the Committee represents with access to the Debtors' Confidential and/or Privileged Information (each as defined below).   The procedures proposed herein will help ensure that confidential, privileged, proprietary and/or material non-public information will not be disseminated to the detriment of the Debtors' estates and will aid the Committee in performing its statutory function.

**Basis for Relief**

9.     Pursuant to section 1102(b)(3) of the Bankruptcy Code, a creditors' committee appointed under section 1102(a) of the Bankruptcy Code shall "provide access to information for creditors who (i) hold claims of the kind represented by that committee; and (ii) are not appointed to the committee."   11 U.S.C. § 1102(b)(3)(A).   Section 1102(b)(3)(A) does not indicate how a creditors' committee should provide "access to information" to the creditors it represents.   Moreover, there is scant legislative history to section 1102(b)(3) to provide guidance on the application of this provision, which was enacted as part of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005.

10.     The lack of specificity in section 1102(b)(3)(A) creates significant issues for debtors and creditors' committees alike.   Typically, a debtor will share various confidential and other non-public proprietary information with a creditors' committee.   Creditors' committees use this information to assess, among other things, a debtor's capital structure, opportunities for the restructuring of a debtor's business in chapter 11, the results of any revised operations of a debtor in its bankruptcy case, and a debtor's overall prospects for reorganization under a chapter 11 plan.   In addition, creditors' committees typically operate pursuant to written by-laws that

include confidentiality provisions or enter into other similar arrangements with debtors.  Through

these agreements and other arrangements a debtor can ensure that committee members will keep

this information confidential and will not use such information except in connection with these

chapter 11 cases and on terms acceptable to the debtor.

11.     The enactment of section 1102(b)(3)(A) raises the issue of whether a creditors'

committee could be required to share a debtor's confidential and other non-public proprietary

information with individual creditors of the debtor.  In the absence of appropriate protections for

such information, a debtor might be unwilling to share such information with a committee, which

would undoubtedly impede the committee's ability to do its work and impair the working

relationship between a debtor and its committee.

12.     Given the importance of the issue, the Committee is seeking an order of the Court

confirming that section 1102(b)(3)(A) does not authorize or require the Committee to provide

any creditor that the Committee represents with access to the Debtors' Confidential Information

(defined below) except to the extent provided by the procedure set forth below.

13.     The enactment of section 1102(b)(3)(A) also raises the issue of whether a

creditors' committee could be required to share with any creditor that the committee represents

information subject to the attorney-client or some other state, federal, or other jurisdictional law

privilege ("Privileged Information"), whether such privilege is solely controlled by the

committee or is a joint privilege with the debtor or some other party.

14.     Given the importance of this additional issue, the Committee is seeking

clarification that the Committee is not required to provide any creditor that the Committee

represents with access to Privileged Information except to the extent provided by the procedure

set forth below.  Of course, the Committee would be permitted, but not required, to provide

access to Privileged Information to any party so long as (a) such Privileged Information was not

Confidential Information, and (b) the relevant privilege was held and controlled solely by the

Committee.

15.    When a statute is clear and unambiguous, "the sole function of the courts is to

enforce it according to its terms." U.S. v. Ron Pair Enters., Inc., 489 U.S. 235, 241 (1989)

(quoting Caminetti v. United States, 242 U.S. 470, 485 (1917)).  However, in "rare cases [in

which] the literal application of a statute will produce a result demonstrably at odds with the

intention of its drafters…the intention of the drafters, rather that the strict language, controls." Id.

at 242-43 (citing Griffin v. Oceanic Contractors, Inc., 458 U.S. 564 (1982) (internal quotation

omitted)).

16.    The Committee respectfully submits that section 1102(b)(3)(A) is unclear and

ambiguous.  The statute simply requires a committee "to provide access to information," yet sets

forth no guidelines as to the type, kind and extent of the information to be provided.  In its

extreme, section 1102(b)(3)(A) could be read as requiring a creditors' committee to provide

access to all information provided to it by a debtor, or developed through exercise of its

investigative function, regardless of whether the information is confidential, privileged,

proprietary or material non-public information and regardless of whether disseminating such

information implicates securities laws disclosure requirements. See 17 C.F.R. §§243.100 to

243.103 (2005).  Accordingly, bankruptcy courts which have considered this issue have issued

orders clarifying that creditors' committees are not required to provide access to confidential or

privileged information.  Specifically, orders of this kind have been entered in similar cases in this

district.  See In re AMF Bowling Worldwide Inc., Case No. 12-36495-KRH, Doc. No. 484

(Bankr. E.D. Va. Feb. 13, 2013); In re Roomstore, Inc., Case No. 11-37790-DOT, Doc. No. 333

(Bankr. E.D. Va. Feb. 7, 2012); In re Bear Island Paper Company, L.L.C., Case No. 10-31202-DOT, Doc. No. 149 (Bankr. E.D. Va. March 24, 2010); In re Circuit City Stores, Inc., Case No. 08-35653-KRH, Doc. No. 1307 (Bankr. E.D. Va. Dec. 29, 2008); In re Movie Gallery Inc., Case No. 07-33849-DOT, Doc. No. 1279 (Bankr. E.D. Va. Jan. 11, 2008); and In re The Rowe Companies, Case No. 06-11142-SSM, Doc. No. 292 (Bankr. E.D. Va. Oct. 24, 2006).

17.    As mentioned above, the legislative history does not provide further guidance on this point and merely reiterates the language of section 1102(b)(3).  See H.R. Rep. No. 109-31, 109th Cong., 1st Sess. 87 (2005) ("Section 405(b) requires the committee to give creditors having claims of the kind represented by the committee access to information.  In addition, the committee must solicit and receive comments for these creditors and, pursuant to court order, make additional reports and disclosures available to them.").

18.    Given the ability to share information through the Internet or otherwise, the drafters of section 1102(b)(3) likely intended this provision to mean that a committee's constituency should have easier access to relevant public information about a debtor without the burden of retaining counsel to monitor the numerous proceedings within a bankruptcy case. Congress could not have intended for a committee to be required to provide unfettered access to every type and kind of information that a committee receives from a debtor.  If this had been the intention, section 1102(b)(3) would then frustrate numerous provisions of the Bankruptcy Code, including performance of the Committee's statutory duties as defined in section 1103(c) of the Bankruptcy Code.  Furthermore, section 107(b)(1) of the Bankruptcy Code provides that "on request of a party in interest, the bankruptcy court shall . . . protect an entity with respect to trade secret or confidential research, development, or commercial information."[1]

---

[1] Section 107(b)(1) is further supported by Bankruptcy Rule 9018, which states, in relevant part, that "on motion or on its own initiative, with or without notice, the court may make any order which justice requires to protect the

19.     Moreover, the language of section 107(b)(1) is mandatory, not permissive.  Video

Software Dealers Ass'n v. Orion Pictures Corp., 21 F.3d 24, 27 (2d Cir. 1994) (providing that the

protections of section 107(b)(1) are mandatory upon request).   As a result, under section

107(b)(1) and Bankruptcy Rule 9018, this Court is duty bound to protect the Debtors' and the

Committee's Confidential Information (defined below) and Privileged Information from

disclosure to general creditors.

20.     The Committee proposes the following protocol for providing creditors with

access to information ("Creditor Information Protocol") in accordance with sections

1102(b)(3)(A) and (B) of the Bankruptcy Code:

> (A)     Website.  The Committee shall set up and maintain a website until
> the earliest to occur of the following: (i) dissolution of the Committee; (ii)
> dismissal or conversion of the Bankruptcy Case; or (iii) further order of
> the Court.  For the sake of efficiency and economy and ease of access by
> creditors, the Committee shall satisfy its statutory duty to keep creditors
> informed of events in the Bankruptcy Case by directing them to a website
> (www._____) it shall maintain with specific links for reports
> by the Committee and case information.  Maintenance of a website in this
> Bankruptcy Case will be particularly useful as an easily accessible source
> of information about the case for creditors who do not have access to
> PACER.   Further, in fulfillment of its obligation to solicit and receive
> comments from general unsecured creditors as set forth in section
> 1102(b)(3)(B), the Committee's website information page(s) will include
> contact information for the Committee's counsel, including an email
> address to allow unsecured creditors to send questions and comments in
> connection with the case.
>
> (B)     Privileged and Confidential Information
>
> i.     The Committee shall not be required to disseminate to any
> entity (as such term is defined in section 101(15) of the Bankruptcy Code,
> "Entity") without further order of the Court:  (a) any information (whether
> written or oral) furnished by the Debtors or their directors, officers,
> employees, affiliates, professionals and representatives or agents
> (including, without limitation, attorneys, advisors, and accountants) to the
> Committee or any of its professionals retained in the Bankruptcy Case

---

estate or any entity in respect of a trade secret or other confidential research, development, or commercial
information…" Fed. R. Bankr. P. 9018.

("Professionals") and all analyses, compilations, forecasts, studies, or other documents prepared by the Committee or its Professionals in connection with the review of, or interest in, the Debtors' Bankruptcy Case, which contain or reflect any such information; (b) any written, visual or oral non-public information, regardless of how transmitted, regarding the Debtors' financial condition or performance, the Debtors' business operations, the valuation of the Debtors and/or any of their assets and liabilities, or the sale of any of the Debtors' assets, provided to the Committee or its Professionals by any Entity, and all analyses, compilations, forecasts, studies, or other documents prepared by the Committee or its Professionals in connection with the review of, or interest in, the Debtors' Bankruptcy Case, which contain or reflect any such information (subparagraphs (a) and (b) shall be referred to hereinafter as "Confidential Information"); or (c) Privileged Information.

ii.     The Debtors and/or other Entity providing information to the Committee or its Professionals shall assist the Committee in identifying any Confidential Information contained in the information provided.

iii.     Any information received (formally or informally) by the Committee from any Entity in connection with an examination pursuant to Bankruptcy Rule 2004 or in connection with any formal or informal discovery in any contested matter, adversary proceeding or other litigation shall not be governed by the terms of this Order but, rather, by any order governing such discovery.

(C)     Creditor Information Requests

i.     If a creditor (the "Requesting Creditor") submits a written request to the Committee (the "Information Request") for the Committee to disclose information, the Committee shall, as soon as practicable, but no more than twenty-one (21) calendar days after receipt of the Information Request, provide a response to the Information Request (the "Response"), including providing access to the information requested or the reasons that the Committee cannot comply with the Information Request.

ii.     In its Response to an Information Request for access to Confidential Information, the Committee shall consider whether (a) the Requesting Creditor is willing to agree to reasonable confidentiality restrictions; and (b) under the particular facts, such agreement will reasonably protect the confidentiality of such information; provided, however, that if the Committee elects to provide access to Confidential Information on the basis of such confidentiality restrictions, the Committee shall have no responsibility for the Requesting Creditor's compliance with, or liability for violation of, applicable law.

iii.     If the Response is to deny the Information Request because the Committee believes the Information Request implicates Confidential Information or Privileged Information that need not be disclosed pursuant to the terms of this Order or otherwise under section 1102(b)(3)(A), or that the Information Request is overly broad or unduly burdensome, the Requesting Creditor may, after a good faith effort to meet and confer with an authorized representative of the Committee regarding the Information Request and the Response, seek to compel such disclosure for cause pursuant to a motion.  Such motion shall be served and the hearing on such motion shall be noticed pursuant to Local Bankruptcy Rule 9013 and any applicable orders entered in these cases.  The Committee shall not object to any Requesting Creditor's request to participate in any such hearing by telephone conference.  Nothing herein shall be deemed to preclude the Requesting Creditor from requesting (or the Committee objecting to such request) that the Committee provide the Requesting Creditor a log or other index of any information specifically responsive to the Requesting Creditor's request that the Committee deems to be Confidential Information or Privileged Information.  Furthermore, nothing herein shall be deemed to preclude the Requesting Creditor from requesting (or the Committee objecting to such request) that the Court conduct an *in camera* review of any information specifically responsive to the Requesting Creditor's request that the Committee or the Debtors claim is Confidential Information or Privileged Information.

iv.     Any disputes with respect to any Information Request shall be resolved as provided for in subparagraph (iii) above and, to extent applicable, paragraph (D) below.

(D)     Release of Confidential Information of Third Parties

i.     If the Information Request implicates Confidential Information of the Debtors and the Committee agrees that such request should be satisfied, or if the Committee on its own wishes to disclose such Confidential Information to creditors, the Committee may, for the benefit of the Debtors' creditors, submit a written request, each captioned as a "Committee Information Demand," to counsel for the Debtors, Tavenner & Beran, PLC, 20 N. 8th Street, Richmond, Virginia 23219.  Each Committee Information Demand shall state what Confidential Information will be disclosed and the manner of the disclosure unless the Debtors object to such disclosure on or before fourteen (14) calendar days after receipt of such Committee Information Demand.  If such an objection is lodged, the Committee, the Requesting Creditor and the Debtors may schedule a hearing with the Court seeking a ruling with respect to the Committee Information Demand under 11 U.S.C. § 704(a)(7); or

ii.     If the Information Request implicates Confidential Information of any Entity other than the Debtors and the Committee

agrees that such request should be satisfied, or if the Committee on its own wishes to disclose such Confidential Information to creditors, the Committee may, for the benefit of the Debtors' creditors, submit a written request, each captioned as a "Committee Information Demand," to such Entity and its counsel of record, with a copy to Debtors' counsel at the above address. Each Committee Information Demand shall state what Confidential Information will be disclosed and the manner of the disclosure unless such Entity objects to such disclosure on or before fourteen (14) calendar days after receipt of the Committee Information Demand. If such an objection is lodged, the Committee, the Requesting Creditor, such Entity and the Debtors may schedule a hearing with the Court seeking a ruling with respect to the Committee Information Demand.

21.     The foregoing procedures are necessary, narrowly tailored rules designed to protect the interests of the Debtors, the Committee and affected Creditors. Without the benefit of the Creditor Information Protocol, the public dissemination of the Debtors' Confidential Information likely would cause serious harm to the Debtors' estates. If there were a risk that Confidential Information given by the Debtors to the Committee would have to be turned over to any creditor, the Debtors would be highly discouraged from giving Confidential Information to the Committee in the first place, if at all. The inability of the Committee to gain access to Confidential Information, in turn, would limit the ability of the Committee to fulfill its statutory obligations under the Bankruptcy Code.

22.     As such, the relief sought by the Committee is not only for the benefit of the Debtors and the Committee, but for the benefit of all constituents in that it ensures the proper functioning of the chapter 11 process. Further, the Committee needs the benefit of the relief sought in this Motion to ensure that it does not breach the confidentiality provisions in its by-laws. A creditors' committee cannot be put in a position of either violating the statute or breaching a confidentiality agreement, thereby, subjecting itself to suit by the Debtors and potentially other parties.

23.    Finally, the risk to the Committee of having to provide its constituency with access to Privileged Information creates obvious and serious problems.  If the Committee believes that there could be a risk that Privileged Information would need to be turned over to such creditors, with the possible loss of the relevant privilege at that time, the entire purpose of such privilege would be eviscerated.  As a result, neither the Debtors nor the Committee would likely be able to obtain the independent and unfettered advice and consultation that such privileges are designed to foster.  Indeed, unless it is made clear that the risk of dissemination of Privileged Information does not exist, the estate representation structure envisioned by the Bankruptcy Code would become dysfunctional.

24.    The disclosure of Confidential Information or Privileged Information to creditors, without the safeguards provided by the proposed Creditor Information Protocol, will not be in the best interests of, but likely will cause serious harm to, the Debtors' estates.  Therefore, pursuant to section 105(a), 107(b)(1), and 1102(b)(3)(A) of the Bankruptcy Code, in order to maximize the value of the Debtors' estates, the Committee respectfully requests that the relief requested herein be granted.

### Notice

25.    Notice of this Motion has been given to the Debtors, the U.S. Trustee and all entities who have filed a request for service in the Bankruptcy Case.  In light of the nature of the relief requested, the Committee submits that no further notice is required.

### Waiver of Memorandum of Law

26.    Pursuant to Local Rule 9013-1(b), because there are no novel issues of law presented herein, the Committee respectfully requests that the Court waive the requirement that the Committee file a memorandum of law in support of this Motion.

**WHEREFORE**, the Committee respectfully request that this Court enter an

order, substantially in the form attached hereto granting the relief requested therein, and such

other and further relief as this Court deems appropriate.

Dated: March 17, 2014                     Respectfully submitted,
      Richmond, Virginia

                                    _/s/ Jason W. Harbour_
                                    Tyler P. Brown, Esq. (VSB No. 28072)
                                    Jason W. Harbour, Esq. (VSB No. 68220)
                                    Justin F. Paget, Esq. (VSB No. 77949)
                                    Shannon E. Daily, Esq. (VSB No. 79334)
                                    Hunton & Williams LLP
                                    Riverfront Plaza, East Tower
                                    951 East Byrd Street
                                    Richmond, Virginia 23219
                                    Tel:  (804) 788-8674
                                    Fax: (804) 788-8218

                                    *Proposed Counsel for the Official Committee of*
                                    *Unsecured Creditors of The Free Lance-Star*
                                    *Publishing Co. of Fredericksburg, Va., et al.*

## CERTIFICATE OF SERVICE

I hereby certify that on March 17, 2014, the foregoing *Motion of the Official Committee of Unsecured Creditors for an Order Clarifying Requirement to Provide Access to Confidential or Privileged Information* was filed in the above-captioned bankruptcy case with the Clerk of Court using the CM/ECF system, which will then send notification of such filing (NEF) to all registered users in this case. I further certify that I will send a copy of the foregoing by first class mail, postage pre-paid to:

Lynn L. Tavenner, Esq.
Paula S. Beran, Esq.
Tavenner & Beran, PLC
20 North Eighth Street, Second Floor
Richmond, Virginia 23219
*Counsel to the Debtors*

Robert B. Van Arsdale, Esq.
Office of the United States Trustee
701 East Broad Street, Suite 4304
Richmond, Virginia 23219
*United States Trustee*

Dated: March 17, 2014
      Richmond, Virginia

*/s/ Jason W. Harbour*
Jason W. Harbour

13

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 14-30315-KRH |
| | ) | |
| THE FREE LANCE-STAR PUBLISHING CO. OF FREDERICKSBURG, VA., *et al*., | ) | Chapter 11 |
| | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | |

**ORDER CLARIFYING REQUIREMENT TO PROVIDE ACCESS TO
CONFIDENTIAL OR PRIVILEGED INFORMATION**

Upon the Motion for an Order Clarifying Requirement to Provide Access to Confidential

or Privileged Information (the "Motion") filed by the Official Committee of Unsecured Creditors

of The Free Lance-Star Publishing Co. of Fredericksburg, Va., *et al.* (the "Committee"), the

Court has reviewed the Motion and finds that (a) the Court has jurisdiction over this matter

pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C.

§ 157(b)(2), (c) venue of this chapter 11 case in this district is proper pursuant to 28 U.S.C.

§§1408 and 1409, and (d) notice of the Motion was sufficient under the circumstances.  The

Court having determined that the legal and factual bases set forth in the Motion establish just

cause for the relief granted herein, and it appearing that the relief requested is in the best interests

of the Debtors' estates, creditors and other parties in interest;

Tyler P. Brown, Esq. (VSB No. 28072)
Jason W. Harbour, Esq. (VSB No. 68220)
Justin F. Paget, Esq. (VSB No. 77949)
Shannon E. Daily, Esq. (VSB No. 79334)
Hunton & Williams LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219
Tel:  (804) 788-8674
Fax: (804) 788-8218

*Proposed Counsel for the Official Committee of
Unsecured Creditors of The Free Lance-Star
Publishing Co. of Fredericksburg, Va., et al.*

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is GRANTED.

2.      The Committee shall not be required pursuant to section 1102(b)(3)(A) of the Bankruptcy Code[1] to provide access to any Confidential Information (defined below) of the Debtors to any creditor it represents, except pursuant to the Creditor Information Protocol provided below.

3.      The Committee shall not be required pursuant to section 1102(b)(3)(A) of the Bankruptcy Code to provide access to any Privileged Information[2] to any creditor it represents, except as provided below.  Nonetheless, the Committee shall be permitted, but not required, to provide access to Privileged Information to any party so long as (a) such Privileged Information is not Confidential Information, and (b) the relevant privilege is held and controlled solely by the Committee.

4.      The Committee shall implement the following protocol for providing access to information for creditors ("Creditor Information Protocol") in accordance with section 1102(b)(3)(A) and (B) of the Bankruptcy Code:

> (A)      Website.  The Committee shall set up and maintain a website until the earliest to occur of the following: (i) dissolution of the Committee; (ii) dismissal or conversion of the Bankruptcy Case; or (iii) further order of the Court.  For the sake of efficiency and economy and ease of access by creditors, the Committee shall satisfy its statutory duty to keep creditors informed of events in the Bankruptcy Case by directing them to a website (www._____) it shall maintain with specific links for reports by the Committee and case information.  Maintenance of a website in this Bankruptcy Case will be particularly useful as an easily accessible source of information about the case for creditors who do not have access to PACER.  Further, in fulfillment of its obligation to solicit and receive comments from general unsecured creditors as set forth in section

---

[1] Terms not otherwise defined in this Order shall have the meaning ascribed to them in the Motion.

[2] For the purposes of this Order, the term "Privileged Information" shall mean any information subject to the attorney-client or some other state, federal, or other jurisdictional law privilege (including attorney work product), whether such privilege is solely controlled by the Committee or is a joint privilege with the Debtors or some other party.

1102(b)(3)(B), the Committee's website information page(s) will include contact information for the Committee's counsel, including an email address to allow unsecured creditors to send questions and comments in connection with the case.

(B)     <u>Privileged and Confidential Information</u>

i.      The Committee shall not be required to disseminate to any entity (as such term is defined in section 101(15) of the Bankruptcy Code, "<u>Entity</u>") without further order of the Court:  (a) any information (whether written or oral) furnished by the Debtors or their directors, officers, employees, affiliates, professionals and representatives or agents (including, without limitation, attorneys, advisors, and accountants) to the Committee or any of its professionals retained in the Bankruptcy Case ("<u>Professionals</u>") and all analyses, compilations, forecasts, studies, or other documents prepared by the Committee or its Professionals in connection with the review of, or interest in, the Debtors' Bankruptcy Case, which contain or reflect any such information; (b) any written, visual or oral non-public information, regardless of how transmitted, regarding the Debtors' financial condition or performance, the Debtors' business operations, the valuation of the Debtors and/or any of their assets and liabilities, or the sale of any of the Debtors' assets, provided to the Committee or its Professionals by any Entity, and all analyses, compilations, forecasts, studies, or other documents prepared by the Committee or its Professionals in connection with the review of, or interest in, the Debtors' Bankruptcy Case, which contain or reflect any such information (subparagraphs (a) and (b) shall be referred to hereinafter as "<u>Confidential Information</u>"); or (c) Privileged Information.

ii.     The Debtors and/or other Entity providing information to the Committee or its Professionals shall assist the Committee in identifying any Confidential Information contained in the information provided.

iii.    Any information received (formally or informally) by the Committee from any Entity in connection with an examination pursuant to Bankruptcy Rule 2004 or in connection with any formal or informal discovery in any contested matter, adversary proceeding or other litigation shall not be governed by the terms of this Order but, rather, by any order governing such discovery.

(C)     <u>Creditor Information Requests</u>

i.      If a creditor (the "<u>Requesting Creditor</u>") submits a written request to the Committee (the "<u>Information Request</u>") for the Committee to disclose information, the Committee shall as soon as practicable, but no

more than twenty-one (21) calendar days after receipt of the Information Request, provide a response to the Information Request (the "Response"), including providing access to the information requested or the reasons that the Committee cannot comply with the Information Request.

ii.  In its Response to an Information Request for access to Confidential Information, the Committee shall consider whether (a) the Requesting Creditor is willing to agree to reasonable confidentiality restrictions; and (b) under the particular facts, such agreement will reasonably protect the confidentiality of such information; provided, however, that if the Committee elects to provide access to Confidential Information on the basis of such confidentiality restrictions, the Committee shall have no responsibility for the Requesting Creditor's compliance with, or liability for violation of, applicable law.

iii.  If the Response is to deny the Information Request because the Committee believes the Information Request implicates Confidential Information or Privileged Information that need not be disclosed pursuant to the terms of this Order or otherwise under section 1102 (b)(3)(A), or that the Information Request is overly broad or unduly burdensome, the Requesting Creditor may, after a good faith effort to meet and confer with an authorized representative of the Committee regarding the Information Request and the Response, seek to compel such disclosure for cause pursuant to a motion.  Such motion shall be served and the hearing on such motion shall be noticed pursuant to Local Bankruptcy Rule 9013 and any applicable orders entered in these cases.  The Committee shall not object to any Requesting Creditor's request to participate in any such hearing by telephone conference.  Nothing herein shall be deemed to preclude the Requesting Creditor from requesting (or the Committee objecting to such request) that the Committee provide the Requesting Creditor a log or other index of any information specifically responsive to the Requesting Creditor's request that the Committee deems to be Confidential Information or Privileged Information.  Furthermore, nothing herein shall be deemed to preclude the Requesting Creditor from requesting (or the Committee objecting to such request) that the Court conduct an *in camera* review of any information specifically responsive to the Requesting Creditor's request that the Committee or the Debtors claim is Confidential Information or Privileged Information.

iv.  Any disputes with respect to any Information Request shall be resolved as provided for in subparagraph (iii) above and, to extent applicable, paragraph (D) below.

(D)  Release of Confidential Information of Third Parties

i.  If the Information Request implicates Confidential Information of the Debtors and the Committee agrees that such request should be satisfied, or if

the Committee on its own wishes to disclose such Confidential Information to creditors, the Committee may, for the benefit of the Debtors' creditors, submit a written request, each captioned as a "Committee Information Demand," to counsel for the Debtors, Tavenner & Beran, PLC, 20 N. 8th Street, Richmond, Virginia 23219.   Each Committee Information Demand shall state what Confidential Information will be disclosed and the manner of the disclosure unless the Debtors object to such disclosure on or before fourteen (14) calendar days after receipt of such Committee Information Demand.  If such an objection is lodged, the Committee, the Requesting Creditor and the Debtors may schedule a hearing with the Court seeking a ruling with respect to the Committee Information Demand under 11 U.S.C. § 704(a)(7); or

ii.      If the Information Request implicates Confidential Information of any Entity other than the Debtors and the Committee agrees that such request should be satisfied, or if the Committee on its own wishes to disclose such Confidential Information to creditors, the Committee may, for the benefit of the Debtors' creditors, submit a written request, each captioned as a "Committee Information Demand," to such Entity and its counsel of record, with a copy to Debtors' counsel at the above address.  Each Committee Information Demand shall state what Confidential Information will be disclosed and the manner of the disclosure unless such Entity objects to such disclosure on or before fourteen (14) calendar days after receipt of the Committee Information Demand.  If such an objection is lodged, the Committee, the Requesting Creditor, such Entity and the Debtors may schedule a hearing with the Court seeking a ruling with respect to the Committee Information Demand.

5.      Nothing in the Order requires the Committee to provide access to information or solicit comments from any Entity that has not demonstrated to the satisfaction of the Committee, in its sole discretion, or to the Court, that it holds claims of the kind described in section 1102(b)(3) of the Bankruptcy Code.

6.      Nothing in this Order shall affect in any way the terms of the Confidentiality Agreement or the confidentiality provisions in the Committee's bylaws, and the parties to the executed Confidentiality Agreement shall comply with its terms, including, without limitation, the obligation of the parties to the Confidentiality Agreement to obtain the Debtors' consent prior to disclosing non-public information of the Debtors.

7.      Entry of this Order is without prejudice to the rights of the Committee to seek a further order of the Court addressing any relief relevant to the functioning of the Creditor Information Protocol and/or compliance with section 1102(b)(3).

8.      This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

Dated:  Richmond, Virginia
        _____, 2014

                                        _____
                                        United States Bankruptcy Judge

**WE ASK FOR THIS:**

_____
Tyler P. Brown, Esq. (VSB No. 28072)
Jason W. Harbour, Esq. (VSB No. 68220)
Justin F. Paget, Esq. (VSB No. 77949)
Shannon E. Daily, Esq. (VSB No. 79334)
Hunton & Williams LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219
Tel:  (804) 788-8674
Fax: (804) 788-8218

*Proposed Counsel for the Official Committee*
*of Unsecured Creditors of The Free Lance-Star*
*Publishing Co. of Fredericksburg, Va., et al.*

SEEN AND NO OBJECTION:

OFFICE OF THE U.S. TRUSTEE
701 East Broad Street, Suite 4304
Richmond, VA 23219
Telephone: (804) 771-2310
Telecopier: (804) 771-2330

_____
By:  Robert B. Van Arsdale (VSB No. 17483)
*Assistant U.S. Trustee*

## **LOCAL RULE 9022-1 CERTIFICATION**

    I hereby certify on this __th day of _____, 2014, a copy of the foregoing was served by electronic means on all necessary parties.

                                      _____

                                      Jason W. Harbour

**EXHIBIT 1**

## CONFIDENTIALITY AGREEMENT

This Confidentiality Agreement (the "<u>Agreement</u>") is made as of March __, 2014 by and among (i) The Free Lance-Star Publishing Co. of Fredericksburg, VA and William Douglas Properties, LLC (collectively, the "<u>Debtors</u>"); (ii)   Hunton & Williams LLP ("<u>HW</u>"), proposed counsel to the Official Committee of Unsecured Creditors (the "<u>Committee</u>"); and (iii) the individual members of the Committee (each a "<u>Committee Member</u>," and collectively, the "<u>Committee Members</u>").

WHEREAS on January 23, 2014, the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101, <u>et seq.</u>, as amended (the "<u>Bankruptcy Code</u>") in the United States Bankruptcy Court for the Eastern District of Virginia (the "<u>Bankruptcy Court</u>").   The bankruptcy cases are jointly administered under Case Number 14-30315-KRH (the "<u>Chapter 11 Case</u>");

WHEREAS on February 14, 2014, the United States Trustee for the Eastern District of Virginia appointed the Committee pursuant to section 1102 of the Bankruptcy Code; and

WHEREAS in connection with the formation of the Committee and its engagement of HW as its counsel, the Committee Members and their representatives (each a "<u>Receiving Party</u>," and collectively, the "<u>Receiving Parties</u>") will be seeking from the Debtors or their directors, officers, employees, affiliates, professionals and representatives or agents (including, without limitation, attorneys, advisors, and accountants) (each a "<u>Disclosing Party</u>," and collectively, the "<u>Disclosing Parties</u>") certain information relating to the Debtors and the Chapter 11 Case.  All such information (whether written or oral) furnished by a Disclosing Party to a Receiving Party, whether directly or indirectly, and all analyses, compilations, forecasts, studies or other documents prepared by a Receiving Party in connection with its review of, or interest in, the Chapter 11 Case, which contain or reflect any such information, is hereinafter referred to as the "<u>Information</u>."   The term Information will not, however, include information that (i) is or becomes publicly available other than as a result of a disclosure by a Receiving Party in breach of this Agreement, (ii) is already in the Receiving Party's possession, provided that such information is not known by the Receiving Party to be subject to another confidentiality agreement with, or other obligation of confidentiality to, the Debtors or another party, (iii) is or becomes available to the Receiving Party on a nonconfidential basis from a source (other than a Disclosing Party), which, to the Receiving Party's knowledge, is not prohibited from disclosing such information to the Receiving Party, (iv) is independently developed by the Receiving Party without violating its obligations hereunder, or (v) is disclosed pursuant to an order of a court of competent jurisdiction.

Accordingly, you and the other Receiving Parties hereby agree that:

1.      You and they (i) will keep the Information confidential and will not (except as required by applicable law, regulation or legal process, and only after compliance with paragraph 4 below), without the Debtors' prior written consent, disclose any Information in any manner whatsoever, except as expressly provided in paragraph 7 below, (ii) will not use or allow any Information to be used for any purpose other than for the purpose of performing your or their duties as advisors to, or members of, the Committee, as the case may be, and (iii) will use reasonable efforts to safeguard the Information and to protect the Information against disclosure, misuse, espionage, loss and theft by any corporation,

company, partnership or individual; provided, however, that an individual Committee Member may reveal the Information to its own legal counsel and other advisors that (a) need to know the Information for the purpose of aiding the Committee Member in performing its duties as such, (b) is informed by the Committee Member of the confidential nature of the Information and (c) who agrees to hold the Information confidential in accordance with the terms of this Agreement.  Except as otherwise expressly provided hereby, the Receiving Parties further agree not to disclose to any person any non-public aspect of the Chapter 11 Case or the substance of any negotiations in respect of the Chapter 11 Case unless (a) the Debtors approve the disclosure prior to such disclosure or (b) it involves a public announcement that is made in response to a public announcement made by the Debtors.

2.      Notwithstanding anything contained in this Agreement, Committee Member Pension Benefit Guaranty Corporation ("PBGC") may disclose Confidential Information in accordance with the terms of its Confidentiality Agreement with the Debtors.

3.      The Receiving Parties acknowledge and agree that they are aware that by receiving the Information (a) they may receive material non-public information about the Debtors and (b) there exist securities laws that may restrict their ability to sell or purchase or to offer to sell or purchase securities of the Debtors or from communicating such information to any other person under circumstances in which it is reasonably foreseeable that such person might purchase or sell such securities.

4.      In the event that a Receiving Party is requested pursuant to, or required by, applicable law, regulation or legal process to disclose any of the Information, such Receiving Party will, if permitted by applicable law, notify the Debtors and their counsel, Tavenner & Beran, PLC, promptly so that the Debtors may seek, at their sole expense, a protective order or other appropriate remedy or, in their sole discretion, waive compliance with the terms of this Agreement.  In the event that no such protective order or other remedy is obtained, or that the Debtors waive compliance with the terms of this Agreement, such Receiving Party may disclose the requested Information.

5.      Upon the earlier of (i) the Committee's dissolution, (ii) the conversion of the Chapter 11 Case to a chapter 7 case, (iii) the dismissal of the Chapter 11 Case, or (iv) the entry of an order confirming a plan in the Chapter 11 Case, the Receiving Parties, except Committee Member PBGC, shall either (i) promptly destroy all copies of the written Information in their possession and confirm such destruction to the Debtors and their counsel in writing, or (ii) promptly deliver to the Debtors all copies of the written Information in their possession; provided, however, that the Receiving Parties may retain all analyses, compilations, forecasts, studies or other documents prepared by the Receiving Parties (collectively the "Retained Information").   Any Retained Information or oral Information will continue to be subject to the terms of this Agreement for a period of six (6) months thereafter.

6.      If the Committee disputes that any particular item of Information provided is confidential or proprietary, the Committee may, at any time, give written notice of the dispute to the Debtors.  The Committee and the Debtors shall then negotiate in good faith to resolve the dispute.  If any dispute cannot be resolved through negotiations,

either party may seek a determination from the Bankruptcy Court upon notice and a hearing as to whether the Information shall be characterized as confidential Information. The Information which is the subject of the dispute shall be treated as confidential Information under this Agreement pending the Bankruptcy Court's decision otherwise.

7.    If any Receiving Party determines in good faith that it is necessary to file or submit to the Bankruptcy Court any confidential Information, any information derived therefrom, or any papers containing or making reference to the content of such confidential Information, then such Receiving Party shall file such materials, information or papers under seal in an envelope, which shall plainly state "Confidential-Filed Under Seal" and such Receiving Party shall advocate that such materials, information or papers shall remain under seal.  All such materials, information and papers filed under seal pursuant to this paragraph shall be kept under seal until a further order of the Bankruptcy Court.

8.    Unless earlier terminated by the Debtors in writing, this Agreement shall terminate on the earlier of the date that is exactly six (6) months after (i) the effective date of any plan confirmed in the Chapter 11 Case, (ii) the Committee is disbanded, or (iii) the Chapter 11 Case is converted to a chapter 7 case or dismissed (the "Termination Date").

9.    The Receiving Parties hereby submit to the jurisdiction of the Bankruptcy Court with respect to all actions and proceedings arising out of or relating to this Agreement.

10.   Except to any extent that federal law applies or federal law otherwise preempts, this Agreement will be governed by and construed in accordance with the laws of the Commonwealth of Virginia without regard to conflict of law principles.

11.   This Agreement contains the entire agreement between the parties hereto concerning the confidentiality of the Information, and no modifications of this Agreement or waiver of the terms and conditions hereof will be binding upon the parties, unless approved in writing by each of the parties.

12.   This Agreement may be executed in counterparts, any of which may be transmitted by facsimile or electronic mail, and each of which shall be deemed an original and all of which together shall constitute one and the same instrument.

If you are in agreement with the foregoing, please so indicate by signing, dating and returning one copy of this Agreement, which will constitute our agreement with respect to the matters set forth herein.

Accepted and agreed as of the date set forth above:


**The Free Lance-Star Publishing Co. of Fredericksburg, VA**

By: _____
Name:
Title:

**William Douglas Properties, L.L.C.**

By: _____
Name:
Title:

**Hunton & Williams LLP**

By: _____
Name:  Tyler P. Brown, Esq.
Title:   Proposed Counsel to the Official Committee of Unsecured Creditors to the Debtors


Accepted and agreed as to each Committee Member as of the date set forth above:


**Flint Group North America**

By: _____
Print Name: _____
Print Title: _____

**White Birch Paper Company**

By: _____
Print Name: _____
Print Title: _____

**Pension Benefit Guaranty Corp.**

By: _____
Print Name: _____
Print Title: _____

81406.000002 EMF_US 49795052v1