IN THE **UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**(Richmond Division)**

| | |
|---|---|
| In re:<br><br>THE FREE LANCE-STAR PUBLISHING CO. OF FREDERICKSBURG, VA, *et al.*[1]<br><br>　　　　　　　　　　Debtors.<br>DSP ACQUISITION, LLC,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>THE FREE LANCE-STAR PUBLISHING CO. OF FREDERICKSBURG, VA and WILLIAM DOUGLAS PROPERTIES, LLC,<br><br>　　　　　　　　　　Defendants. | Chapter 11<br><br>Case No. 14-30315-KRH<br>(Jointly Administered)<br><br><br><br><br>Adversary Proceeding No.<br>14-03038-KRH |

**EMERGENCY MOTION OF DSP ACQUISITION, LLC FOR**
**RECONSIDERATION OF RULING MADE ON MARCH 24, 2014**

DSP Acquisition, LLC ("**DSP**"), through its counsel, submits this emergency motion (the "**Motion**") for reconsideration of the Court's March 24, 2014 ruling (the "**Ruling**") excluding certain documentary evidence submitted at the hearing on DSP's motion for summary judgment in the Adversary Proceeding.

---

[1] Debtor FLS' address and TIN are as follows: 616 Amelia Street, Fredericksburg, VA 22401; 54-0216580. Debtor William Douglas' address and TIN are as follows: 616 Amelia Street Fredericksburg, VA 22401; 20-4012609.

William A. Gray, Esquire (VSB No. 46911)
Elizabeth L Gunn, Esquire (VSB No. 71044)
SANDS ANDERSON PC
1111 East Main Street
P.O. Box 1998
Richmond, VA 23218-1998
Telephone: (804) 648-1636
*Counsel for DSP Acquisition, LLC*

Sharon L. Levine, Esquire *(admitted pro hac vice)*
S. Jason Teele, Esquire *(admitted pro hac vice)*
Richard Bernstein, Esquire *(admitted pro hac vice)*
Tatiana Ingman, Esquire *(admitted pro hac vice)*
LOWENSTEIN SANDLER LLP
65 Livingston Avenue
Roseland, NJ  07068
*Counsel for DSP Acquisition, LLC*

**RELIEF REQUESTED**

1. Pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, applicable in bankruptcy proceedings pursuant to Rule 9023 of the Federal Rules of Bankruptcy Procedure, DSP moves the Court to reconsider the admissibility of the Excluded Exhibits.[2]

**A.    The Standard for Reconsideration.**

2. Reconsideration should be granted where the movant can show either that (1) there is newly available evidence, (2) there is an intervening change in the controlling law; or, (3) there is a need to correct a clear error of law or prevent manifest injustice.  *See North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995); *Lony v. E.I. DuPont de Nemours & Co.*, 935 F.2d 604, 608 (3d Cir. 1991).

3. DSP respectfully requests that this Court grant reconsideration to correct a clear error of law and prevent a manifest injustice.

**B.    Reconsideration Of The Orders Is Required To Correct A Clear Error Of Law.**

4. DSP respectfully submits the Excluded Exhibits were properly authenticated under Rule 901(b)(7) of the Federal Rules of Evidence. Rule 901(b)(7) "permits authentication of certain documents by evidence that they are authorized by law to be recorded or filed in a public office and that they are in fact so recorded and filed." *See Weinstein's Federal Evidence* § 901.10. "All that the evidence rule requires is proof that the document was recorded and filed in a public office that is authorized by law to record and file it". *Id.*   "Like any other documents, publicly recorded and filed

---

[2] The Court excluded the following exhibits to the Declaration in Support: A-2; G-2; G-4; H-2; H3; I; J; K-3; L; L-4; M; and N (collectively, the "**Excluded Exhibits**"). Exhibit A-2 is included here for completeness, but its inclusion may be duplicative since that exhibit (the Draw Commercial Note) is already in evidence, having been introduced and moved into evidence as Exhibit 1 at the Hearing on January 24, 2014. The Debtors relied on that evidence at the hearing on March 24, 2014, with the Court's approval.

documents can be authenticated by proof of any probative facts, including those outlined in any one or more of the illustrative examples of Rule 901(b), that will support the fact finder's conclusion that the document is what its proponent claims it to be." *Id.* Here, the Court refused to admit the Excluded Exhibits because it found the witness to be substantively not credible, despite testimony from the witness that she is the custodian of the Excluded Exhibits, identified them, and testified about them from her personal knowledge. *See* Fed. R. Evid. 901(b)(7). The Court's finding that the witness was not substantively credible should go to the weight of her testimony, not the admissibility of the Excluded Exhibits. The reliability of the Excluded Exhibits cannot be questioned as they are publicly filed documents that can be accessed by any person directly from the government filing office.

5. Further, and as alternative relief, DSP respectfully requests that the Court take judicial notice of the Excluded Documents and/or judicial notice of the fact that the Excluded Documents (a) have been acknowledged and stipulated to by the Debtors (in the case of Exhibit A-2 (Draw Commercial Note)) and/or (b) are publicly filed documents that have been filed/recorded with either the Virginia State Corporation Commission or a city/county filing office designated by the UCC. Judicial notice may be requested (and granted) at any stage of a proceeding, even after the evidence has closed or on appeal. *See*, *e.g.*, *In re Indian Palms Associates*, Ltd., 61 F.3d 197, 206 (3d Cir.1995) ("Nantucket Investors' designation of the appellate record can be viewed as a request that the district court take judicial notice of certain portions of the record in the underlying bankruptcy case. When so viewed, we think the district court's response to CalFed's motion to strike was authorized by Federal Rule of Evidence 201"); *In re Stathatos*, 163 B.R. 83 (N.D.Tex.1993) (taking judicial notice of bankruptcy court's findings of facts).

6. Rule 201 of the Federal Rules of Evidence provides that a court must take judicial notice of an adjudicative fact if "it is not subject to reasonable dispute

because it: … can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). The Excluded Documents – all of which are publicly filed with state and/or county filing offices in Virginia – are not subject to reasonable dispute because they can be accurately and readily determined from the government offices in which DSP or an affiliate and/or BB&T filed them in accordance with the UCC. *See Virginia Innovation Sciences, Inc. v. Samsung Elec. Co.*, Case No. 2:12cv548, 2013 WL 6053846 at \*2 (E.D.V.A. Nov. 15, 2013) (Court takes judicial notice of Notice of Allowability); *Ali v. Allergan U.S.A., Inc.*, Case No. 1:12–CV–115, 2012 WL 3692396 at \*1 (E.D.V.A. 2012) (Court takes judicial notice of several documents pertaining to FDA approval of medical device); *In re In re New Century TRS*, 502 B.R. 416, 424 (Bankr. D. Del. 2013) (Court took judicial notice of documents filed with clerk of state court to extent that those documents showed that filings were made, but not for the truth of averments within those documents); *Haye v. United States*, 461 F. Supp. 1168, 1174 (C.D.Ca. 1978) (Court takes judicial notice of recorded deeds finding "because the deeds are recorded with the Los Angeles County Index, they are not subject to reasonable dispute. Further, they are capable of accurate and ready determination.").

       7.     Moreover, the court "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2). Here, the Court has all of the necessary information to take judicial notice of the Excluded Documents in the form of the Declaration in Support with all of the relevant exhibits attached, which was marked as Exhibit DSP-D at the hearing on March 24, 2014. Fed. R. Evid. 201(c)(2).

**C.  Reconsideration Of the Orders Is Required To Prevent Manifest Injustice.**

       8.     Reconsideration of the Ruling is necessary to prevent manifest injustice to DSP. Specifically, excluding evidence is an extraordinary sanction that

should not be imposed lightly by a court. *Taylor v. Illinois*, 484 U.S. 400, 436 n. 7 (1988) (". . . [F]ar from being a procedural default, the exclusion of evidence is an unusual sanction applied only in drastic cases[.]") (citation omitted).

9. Exclusion of the Excluded Exhibits would be manifestly unjust given the undisputable fact that the Excluded Exhibits are readily available documents of public record and that the dispute in this adversary proceeding is about the effect of DSP's recorded liens and security interests, not their existence. To exclude readily available documents of public record from evidence altogether, despite the independent indicia of their veracity, would cause a manifest injustice to DSP.

10. Accordingly, the considerations set forth in the Motion weigh strongly in favor of admitting the Excluded Exhibits into evidence so that the Court may fairly determine the validity, extent and priority DSP's liens on the Debtors' property.

## CONCLUSION

11. For the reasons stated above, DSP respectfully requests that the Court grant this Motion and reconsider its March 24, 2014 Ruling excluding the Excluded Exhibits from evidence.

**Dated:** March 25, 2014          **Respectfully submitted,**

                                         **DSP ACQUISITION, LLC**

                                         /s/ *William A. Gray*
                                         William A. Gray, Esquire (VSB No. 46911)
                                         Elizabeth L Gunn, Esquire (VSB No. 71044)
                                         SANDS ANDERSON PC
                                         1111 East Main Street, Suite 2400
                                         Richmond, VA 23218-1998
                                         Telephone: (804) 783 - 7237
                                         Facsimile: (804) 783 - 7291
                                         BGray@sandsanderson.com
                                         EGunn@sandsanderson.com

                                         -AND-

        Sharon L. Levine, Esquire *(admitted pro hac vice)*
        S. Jason Teele, Esquire *(admitted pro hac vice)*
        Richard Bernstein, Esquire *(admitted pro hac vice)*
        Tatiana Ingman, Esquire *(admitted pro hac vice)*
        LOWENSTEIN SANDLER LLP
        65 Livingston Avenue
        Roseland, NJ  07068
        *Counsel to DSP Acquisition, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 25th day of March, 2014, a true and accurate copy of the foregoing was electronically filed with the Clerk of the Court for the Eastern District of Virginia, using the CM/ECF system, which thereby caused the above to be served electronically on all registered users of the ECF system that have filed notices of appearance in this matter, and sent via email to the following:

        Paula S. Beran, Esquire
        Lynn Tavenner, Esquire
        Tavenner & Beran, PLC
        *Counsel to The Free Lance-Star Publishing Co. of*
        *Fredericksburg, VA and William Douglas Properties, LLC*

        Tyler Brown, Esquire
        Jason Harbour, Esquire
        Hunton & Williams
        *Counsel to the Unsecured Creditors Committee*

        Robert VanArsdale, Esquire
        *Office of the US Trustee*

        */s/ William A. Gray*